

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

March 26, 1947

Hon. William N. Hensley      Opinion No. V-106
Criminal District Attorney
Bexar County      Re: Authority of Commis-
San Antonio 5, Texas      sioners' Court of
     Bexar County to. sup-
     ervise and control
     a county juvenile
     detention home for
     boys.

Dear Mr. Hensley:

     Your recent request for an opinion of this
Department reads substantially as follows:

     "Does the Commissioners' Court of
Bexar County have the power to supervise
and control the Bexar County boys home,
a county juvenile detention home for boys?"

     The establishment of a detention home in a
county of this State is authorized under the provisions
of Article 5138 of the Revised Civil Statutes of Texas,
the pertinent part of which is as follows:

     "All counties in this State may es-
tablish detention homes and parental schools
for dependent and delinquent juveniles. It
shall be lawful for the Commissioners'
Court to appropriate from the General Fund
of the county such sums as may be necessary
to establish, equip and maintain such deten-
tion homes and parental schools as may be
necessary to care for the dependent and de-
linquent children of the county . . ."

     If a right is conferred or obligation imposed
on a Commissioners' Court, it has the implied authority
to exercise a broad discretion to accomplish the purposes
intended. It will be seen from the provisions of Article
5138, supra, that the Legislature intended to confer the
authority upon counties of this State to establish, equip
and maintain detention homes and parental homes to care
for the dependent and delinquent children of said county.

In an opinion, numbered O-6125, rendered by this Department on February 26, 1946, it was held:

> "The Commissioners' Court of Bexar County has the legal authority to enter into a contract with a group of private individuals, or with a charitable corporation whereby the facilities and grounds of the Bexar County School for Boys can be used by such groups of private individuals or corporations to receive and provide for all delinquent and dependent boys committed to such institution by the county and district courts of Bexar County, Texas.
>
> "We understand that such property which you desire to use was acquired and used for the purpose and aims as conferred upon all counties by Article 5138, V.A.C.S., i.e., establish, equip and maintain detention homes and parental schools as may be necessary to care for the delinquent and dependent children of the county. We know of no reason why such property could not be used by an organization as you propose in order to carry out and accomplish the original purposes intended."

Article V, Section 18 of the Constitution of the State of Texas reads in part as follows:

> ". . . The County Commissioners so chosen, with the County Judge, as presiding officer, shall compose the County Commissioners' Court, which shall exercise such powers and jurisdiction over all county business, as is conferred by this Constitution and the laws of the State, or as may be hereafter prescribed."

The jurisdiction of Commissioners' Courts is limited to strictly "county business" and the Legislature has no authority to enlarge their powers or jurisdiction. The term "county business" should be given a broad and liberal construction so as not to defeat the purposes of the law. And it is held that the Commissioners' Courts have implied authority to do what may be necessary in the exercise of the duties or powers conferred upon them.

(11 Tex. Jur. 564, El Paso County v. Elam, 106 S. W.
(2d) 395; and Glenn v. Dallas County Bois D' Arc Is-
land Levee District, 282 S. W. 339.)

It would seem that the Commissioners'
Court, in accomplishing the purposes intended by the
Legislature, would be authorized to assume control
and management of the detention home as an integral
part of county business.

A board of County Commissioners' ordinar-
ily exercises the corporate powers of the county.  It
is in an enlarged sense the representative and guard-
ian of the county, having the management and control
of its property and financial interests, and having
original and exclusive jurisdiction over all matters
pertaining to county affairs.  (15. C. J. p. 456.)

The Supreme Court of the State of Missouri
in State ex rel Bucker et al v. McElroy et al, 274
S. W. 749 in rendering an opinion on an analogous ques-
tion, stated as follows:

". . . In the language of the organ-
ic law, such court shall have jurisdiction
to transact all county business.  Other
business may be added to its jurisdiction
by law, but no law can take from it that
which the Constitution expressly gives;
i.e., that it shall transact all county
business. . ."

". . . It is clear that the control
and management of these three county in-
stitutions was a part and parcel of the
county business, and jurisdiction over
this business has been lodged in the coun-
ty court by the Constitution; and no mere
statute could dislodge this jurisdiction.
The statutes which undertake to lodge con-
trol of these institutions with the parole
board of the county are violative of Sec-
tion 36 of Article 6 of our Constitution,
and are therefore void. . ."

Inasmuch as the Constitutional provisions of
the two states relating to county business are similar,
it is believed that in the State of Texas the Commission-
ers' Court is the constitutional forum for all county

business relating to juvenile detention homes, and therefore it is the opinion of this Department that the Commissioners' Court of Bexar County is authorized to control and supervise the Bexar County Boys' Home.

## SUMMARY

The Commissioners' Court of Bexar County has the authority to control and supervise a juvenile home for boys established by said county.  (Art. 5138, R.C.S.; 11 Tex. Jur. 564; El Paso County v. Elam, 106 S. W. (2d) 395; Glenn v. Dallas County Bois D' Arc Island Levee Dist., 282 S. W. 339; Art. V, Section 18, Constitution, State of Texas; and State ex rel Bucker et al v. McElroy et al, 274 S. W. 749).

Yours very truly

ATTORNEY GENERAL OF TEXAS

By  *Burnell Waldrep*

Burnell Waldrep
Assistant

BW:jmc:wb

APPROVED MARCH 26, 1947

*Price Daniel*

ATTORNEY GENERAL OF TEXAS